2436.   CHESTER *v.* CITY OF ATLANTA.

Certiorari; from Fulton superior court—Judge Ellis.   January
12, 1910.

Submitted March 9,—Decided April 6, 1910.

*John A. Boykin,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

2437.   CHESTER *v.* CITY OF ATLANTA.

The evidence was insufficient to authorize the defendant's conviction.

Certiorari; from Fulton superior court—Judge Ellis.   Janu-
ary 12, 1910.

Submitted March 9,—Decided April 6, 1910.

*John A. Boykin,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

POWELL, J.  Chester was charged with violating section 1537
of the code of the City of Atlanta, making it unlawful to keep in-
toxicating liquor on hand for the purpose of unlawful sale.   The
entire evidence is as follows.   A policeman testified, "We found
eleven half-pints of rye whisky in a basket, which was covered up
with old sacks and some harness, in R. A. Chester's place at No. 35
Ivy street in the city of Atlanta.   Chester had a half-pint of rye
whisky in his pocket; and in a carriage under a cushion seat we
found another half-pint.   That was on the 20th day of October,
1909.   Chester is a carriage-repairer and painter."   On cross-exam-
ination he testified as follows: "This carriage shop is a public
place.   It is a place where carriages are repaired and painted.
When we found this whisky there were ten or fifteen carriages in
the place.   Cabmen are passing in and out of there with their cabs.
I saw two or three of them that evening.   Most of them are colored

men who bring cabs in. I do not know that this whisky is the whisky of the defendant Chester. I could not swear that it is his whisky. All I know is that we found it in his place." This concluded the evidence, whereupon the defendant made the following statement: "I don't know anything about the whisky being in there, except what I had in my pocket, which Mr. Black got. As to the other whisky, I don't know anything about it."

In these municipal prosecutions the purpose of the keeping is the chief ingredient. Although it be unlawfully kept so far as the State law is concerned, the municipal law is not violated unless it is kept for the purpose of unlawful sale. That purpose must appear from the evidence, and must appear with reasonable certainty —indeed, beyond reasonable doubt. This court is very reluctant to interfere with the finding of the local tribunals on questions of fact involved in such cases. From the standpoint of this court, slight evidence of the purpose of the keeping will be sufficient to prevent this court's saying, as a matter of law, that the local tribunal could not have been satisfied beyond a reasonable doubt as to the purpose. Still, in cases such as this, where there is no evidence as to this prime ingredient of the offense, it is our duty to say so and to set aside the conviction.

*Judgment reversed.*